UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BRIANA LYNCH, on behalf of herself and all others similarly situated, | ) ) ) | C/A: 2:15-cv-580-PMD |
| Plaintiff, | ) ) | **FLSA COLLECTIVE ACTION** |
| v. | ) ) | **AND** |
| DINING CONCEPTS GROUP, LLC d/b/a WICKED TUNA and JOHN DOES 1- 10, individually, | ) ) ) ) | Individual **RETALIATION ACTION** |
| Defendants. | ) ) ) | **JURY TRIAL DEMANDED** |

Plaintiff, Briana Lynch ("Lynch"), on behalf of herself and all others similarly situated, and all of the filed Opt-Ins to date (all jointly "Plaintiffs") complaining of the acts of Defendants Dining Concepts Group, LLC d/b/a Wicked Tuna ("Wicked Tuna"); John Does 1 – 10 ("Does"); (Wicked Tuna and Does collectively "Defendants"), alleges as follows:

**NATURE OF CLAIM**

1.      This action is brought individually and as a collective action for unpaid minimum wages and unpaid overtime wages, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").  The collective action provisions under the FLSA provide for opt-in class participation.

2.      This action is also brought individually by Lynch for retaliation under the FLSA.

**PARTIES, JURISDICTION, and VENUE**

3.      Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 2 as if repeated here verbatim.

4.      Lynch is a citizen and resident of the County of Georgetown, State of South

Carolina.

5. Upon information and belief, Wicked Tuna is a South Carolina corporation maintaining offices and agents and otherwise doing business in the County of Georgetown, State of South Carolina.

6. Upon information and belief, Does are the owners of Wicked Tuna.

7. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims under the FLSA.

8. Plaintiffs bring this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals who were employed by Wicked Tuna at any time within the three (3) years prior to joining this lawsuit, who were nonexempt employees paid an hourly rate less than the minimum wage of Seven and 25/100 ($7.25) per hour and either received tips or shared in the tip pool ("Tip Pool") created by Wicked Tuna.

9. Based upon the above, jurisdiction and venue are proper in this court and division.

10. The work and pay records, including the "tip-out" reports of Plaintiffs and the members of the Plaintiff class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

## **FACTS**

11. Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 10 as if repeated here verbatim.

12. Wicked Tuna owns and operates a restaurant in Murrells Inlet.

13. Does exercise operational control over Wicked Tuna; they have the authority to hire, fire, and discipline employees of Wicked Tuna; they have the authority to set the direct, or hourly wages for Plaintiffs; they have the authority to set the rules of the Tip Pool; therefore, they are each individually liable to Plaintiffs.

14. Lynch was employed by Wicked Tuna as a server and bartender from April 2013 until June 2014.

15. Wicked Tuna paid Lynch and Plaintiffs a direct, or hourly, wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m).

16. Wicked Tuna required Lynch and Plaintiffs to contribute five percent (5%) of their net sales each shift into a mandatory tip pool ("Tip Pool").

17. Of that five percent (5%), Wicked Tuna paid an amount of two and one half percent (2.5%) per shift to back of house staff who are not employees who customarily and regularly receive tips.

18. Defendants charged Lynch and Plaintiffs a daily "breakage" fee to pay for costs associated with doing business in the amount of One and 00/100 dollars ($1.00).

19. Lynch and Plaintiffs questioned management and complained to management of Wicked Tuna on the practices of the Tip Pool and the "breakage fee" as to whether these were legal, but Wicked Tuna continued in reckless disregard in using this illegal Tip Pool.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 203(m), 206**
**(Violation of Tip Credit / Failure to Pay Proper Minimum Wage)**

20. Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 19 as if repeated here verbatim.

3

21. At all times pertinent to this Complaint, Wicked Tuna engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

22. At all times relevant to this Complaint, Wicked Tuna annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protection of the FLSA.

23. The business of Wicked Tuna was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Wicked Tuna is subject to, and covered by, the FLSA.

24. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

25. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any "Tip Pool" is shared only with other employees who customarily and regularly receive tips.

26. When the employer shares the Tip Pool with back of the house employees or requires these "tipped employees" to remit any portion to the restaurant for "breakage," the Tip Pool is invalidated.

27. When the Tip Pool is invalidated, the employer can no longer enjoy the benefits of the Tip Credit provision, 29 U.S.C. § 203(m).

28. Without the benefit of the Tip Credit provision, Defendants must pay Plaintiffs the statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour for all hours worked and return all tips that Plaintiffs were required to contribute to the Tip Pool, including all

4

amounts for "breakage."

29. Defendants have violated the FLSA, 29 U.S.C. § 206, in reckless disregard of the rights of Plaintiffs.

30. As such, Plaintiffs seek to recover from Defendants the following damages:

    a. actual damages in the amount of minimum wages due;

    b. liquidated damages of an equal amount;

    c. the amount of tips that Plaintiffs were required to contribute to the Tip Pool, including all amounts for "breakage" and

    d. reasonable attorneys' fees and the costs and disbursements of this action.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 207**
**(Failure to Pay Proper Overtime Wage)**

31. Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 30 as if repeated here verbatim.

32. Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

33. Without the benefit of the Tip Credit provision, Defendants must pay Plaintiffs, and all other similarly situated employees, for all hours worked over forty (40) in a workweek, including any hours worked off the clock, the statutory, minimum, overtime wage of Ten and 88/100 dollars ($10.88) per hour.

34. Defendants failed to pay Plaintiffs and all other similarly situated employees the proper amount for all hours worked over forty (40) hours in a workweek or overtime hours worked.

35. Defendants have violated the FLSA, 29 U.S.C. § 207, in reckless disregard of the rights of Plaintiffs.

36. As such, Plaintiffs seek to recover from Defendants the following damages:

   a. actual damages in the amount of overtime wages due;

   b. liquidated damages of an equal amount; and

   c. reasonable attorneys' fees and the costs and disbursements of this action.

**FOR A THIRD CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 215(a)(3)**
**(Retaliation)**

37. Lynch realleges each and every allegation contained in Paragraphs 1 through 36 as if repeated here verbatim.

38. Lynch complained to management of Wicked Tuna on the practices of the Tip Pool and the daily "breakage" fee and inquired if both of these were legal.

39. Wicked Tuna told Lynch that she was "stirring the pot" with regard to the policies of the Tip Pool and "breakage."

40. Soon thereafter, Wicked Tuna terminated Lynch's employment.

41. Pursuant to the terms of the FLSA, § 215(a)(3), an employer cannot discharge an employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act.

42. The remedial purpose of this section of the FLSA requires that it protect from retaliation employees who file intracompany complaints.

43. Section 215(a)(3) of the FLSA protects employees who have made intracompany complaints that are sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection. Lynch's complaints to Wicked Tuna met this standard.

44. By terminating Plaintiff Lynch, Defendant unlawfully retaliated against her in

6

violation of 29 U.S.C. § 215(a)(3).

45. Under 29 U.S.C. § 216(b), any employer who violates the provisions of 29 U.S.C. § 215(a)(3) shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 29 U.S.C. § 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of lost wages and an additional amount as liquidated damages.

46. As a result of Defendant's retaliatory conduct, having shown their propensity and inclination to do so, Plaintiffs are entitled to an injunction enjoining Defendants during the pendency of this action and upon final determination hereof from further retaliatory conduct against any named or Opt-in Plaintiffs in this action.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

    a. An order authorizing the sending of appropriate notice to current and former employees of Defendants who are potential members of the collective action, but have yet "opted-in," under the FLSA;

    b. Actual damages in the amount of minimum wages due;

    c. Liquidated damages of an equal amount;

    d. The amount of tips deducted from their wages;

    e. Liquidated damages of an equal amount;

    f. Actual damages in the amount of overtime wages due;

    g. Liquidated damages of an equal amount;

    h. A judgment directing Defendant to place Plaintiff Lynch in a position she would have been in but for Defendant's unlawful conduct and making Plaintiff whole for

all earnings she would have received but for Defendant's retaliatory conduct;

  i. Liquidated damages of an equal amount;

  j. Front pay for Lynch in an amount to be determined by this court;

  k. An order prohibiting Defendants from retaliating against Plaintiffs for filing an Opt-In for this action;

  l. Reasonable attorneys' fees and costs; and

  m. Such further relief as the Court deems just and proper.

**Plaintiffs request a trial by jury.**

           _____
           Bruce E. Miller (Fed Bar No. 3393)
           BRUCE E. MILLER, P.A.
           147 Wappoo Creek Drive, Suite 603
           Charleston, SC  29412
           T: 843.579.7373
           F: 843.614.6417
           bmiller@brucemillerlaw.com

           **ATTORNEYS FOR BRIANA LYNCH,**
           **on behalf of herself and**
           **all others similarly situated**

CHARLESTON, SC

February 9, 2015