UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Briana Lynch and Jacob Hyde, on behalf of themselves and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) Dining Concepts Group, LLC d/b/a Wicked ) Tuna, Sandeep Patel, individually, and Erez ) Sukarchi, individually, ) ) Defendants. ) ) | C/A No.: 2:15-cv-580-PMD<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER (ECF Nos. 40, 46) AND IN OPPOSITION TO PLAINTIFFS' MOTION TO EQUITABLY TOLL STATUTE OF LIMITATIONS (ECF No. 39)** |

Defendants, Dining Concepts Group, LLC d/b/a Wicked Tuna ("Wicked Tuna"), Sandeep Patel, individually, and Erez Sukarchi, individually, request this Court reconsider that portion of its October 8, 2015 Order equitably tolling the statute of limitations for potential opt-in plaintiffs from May 28, 2015 through October 8, 2015, a 133 day period of time. This Motion for Reconsideration is based solely upon the issue of equitable tolling of the statute of limitations in this matter, an issue Defendants have not been given the opportunity to address until now, as will be explained hereafter.[1]

**BACKGROUND**

This is a lawsuit brought by Plaintiffs, Briana Lynch and Jacob Hyde against Wicked Tuna and its owners, Sandeep Patel and Erez Sukarchi, alleging that Wicked Tuna violated the Fair Labor Standards Act ("FLSA") by requiring its employees to share a portion of their tips with "back of the house" employees. The procedural history of the case is as follows:

---

[1] Defendants are complying with the Court's Order in its entirety as the parties move forward with conditional class certification and notice to potential opt-in plaintiffs. Defendants do not request reconsideration of the Court's Order on conditional class certification and/or notice.

| | |
|---|---|
| 02-09-15: | Complaint filed by Plaintiffs. (ECF No. 1). |
| 03-11-15: | Defendants accepted service of Complaint. (ECF No. 11). |
| 03-30-15: | Defendants filed Answer to Complaint (ECF No. 15) and a Motion to Strike and Dismiss portions of Plaintiffs' Complaint (ECF No. 14). |
| 04-07-15: | Plaintiffs filed Motion for Conditional Certification and to Authorize Notice to Putative Class Members ("Motion for Conditional Class Certification"). (ECF No. 19). |
| 04-15-15: | Plaintiffs filed First Amended Complaint. (ECF No. 21). |
| 04-22-15: | Defendants filed Motion for Extension of time to respond to Plaintiffs' Motion for Conditional Class Certification. (ECF No. 26). |
| 04-29-15: | The Court filed an Order denying Defendants' Motion to Strike and Dismiss on the grounds that it was moot after the filing of Plaintiffs' First Amended Complaint. (ECF No. 28). |
| 04-29-15: | The Court filed an Order granting Defendants' Motion for Extension of time for Defendants to respond to Plaintiffs' Motion for Conditional Class Certification, tolling the statute of limitations for this twenty (20) day period. (ECF No. 29). |
| 05-08-15: | Defendants filed Answer to First Amended Complaint. (ECF No. 33). |
| 05-20-15: | Defendants filed a Memorandum in Opposition to Plaintiffs' Motion for Conditional Class Certification. (ECF No. 34). |
| 05-28-15: | Plaintiffs filed a Reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Conditional Class Certification. (ECF No. 35). |
| 07-07-15: (1:48 PM) | Plaintiffs filed a Motion to Equitably Toll Statute of Limitations. (ECF No. 39). |
| 07-07-15: (6:19 PM) | The Court filed an Order, sua sponte, granting in part and denying in part Plaintiffs' Motion to Equitably Toll Statute of Limitations with the reservation that the Court's reasoning for granting Plaintiffs' Motion to Equitably Toll the Statute of Limitations would be outlined in the Court's eventual order regarding conditional class certification. (ECF No. 40). |
| 10-08-15: | The Court filed an Order on Plaintiffs' Motion for Conditional Class Certification, which included the Court's basis and/or reasonsing for its grant of Plaintiffs' July 7, 2015 Motion to Equitably Toll Statute of Limitations. (ECF No. 46). |

Plaintiffs filed their Motion for Conditional Class Certification less than a month after Defendants were served with the Complaint in this matter, only a week after Defendants filed their Answer, and prior to the filing of their First Amended Complaint. Defendants did not request an extension of time to respond to Plaintiffs' Complaint. In good faith, Defendants requested a twenty (20) day extension of time to respond to Plaintiffs' Motion for Conditional Class Certification.

(ECF No. 26). The Court granted Defendants the extension and tolled the statute of limitations for the extension's twenty (20) day time period.[2] (ECF No. 29).

On the afternoon of July 7, 2015, Plaintiffs filed a Motion to Equitably Toll the Statute of Limitations, requesting that the statute be tolled from May 28, 2015, the date on which Plaintiffs filed their Reply to Defendants' Memorandum in Opposition to the Motion for Conditional Class Certification, until the end of any notice period for potential opt-in plaintiffs issued by the Court, should the Court grant Plaintiffs' Motion for Conditional Class Certification. (ECF No. 39). Less than five hours after Plaintiffs filed the Motion to Equitably Toll the Statute of Limitations, and before Defendants had any opportunity to respond to Plaintiffs' Motion, the Court, *sua sponte*, entered an Order granting Plaintiffs' Motion in part. (ECF No. 40). The Court's July 7, 2015 Order specified that the statute of limitations would tolled from May 28, 2015 until the date of the Court's eventual order on Plaintiffs' Motion for Conditional Class Certification. Id. Further, the July 7, 2015 Order stated that the Court <u>would outline the basis for its ruling on equitable tolling in its eventual order on Plaintiff's Motion for Conditional Class Certification.</u>[3] Id. On October 8, 2015, the Court filed an Order on Plaintiff's Motion for Conditional Class Certification which contains a footnote regarding the Court's basis for granting equitable tolling. (ECF No. 46). Thus, as Defendants were not afforded a right to be heard on Plaintiffs' Motion to Equitably Toll the Statute of Limitations and the Court reserved its basis for ruling on Plaintiffs' Motion until its October 8,

---

[2] This extension is the only time period in which additional time to answer a pleading has been requested by or given to either party in this matter.

[3] "For specific reasons limited to this case—reasons that will be outlined in the eventual order on Plaintiffs' Motion for Conditional Certification—the Court concludes that equitable tolling is warranted in this instance." (ECF No. 40).

2015 Order, this Motion for Reconsideration of the Court's Order on equitable tolling is only now ripe before the Court.

## SUMMARY OF ARGUMENT

Defendants respectfully request that the Court reconsider its Order granting equitable tolling of the statute of limitations for the May 28, 2015 through October 8, 2015 (133 day) period[4] to afford Defendants the opportunity to explain why doing so is a clear error of law.[5] Defendants' Motion for Reconsideration is based upon four grounds:

First, the three cases the Court relied upon in granting equitable tolling from May 28, 2015 until October 8, 2015 (a 133 day period) do not support a grant of equitable tolling in this case. Second, Congress did not intend that the statute of limitations be tolled for potential opt-in plaintiffs when it enacted the FLSA, as it considered this issue and deliberately chose not to provide for such tolling within the FLSA's statutory framework. See MacGregor v. Farmers Ins. Exchange, No. 2:10-CV-03088, 2011 WL 2731227 (D. S.C. July 13, 2011), Noble v. Serco, No. 08-0076, 2009 WL 3254143, at *2 (E.D. Ky. Oct. 7, 2009), Woodard v. FedEx Freight East, Inc., No-06-1968, 2009 WL 471552, at *16 (M.D. Pa. Feb. 19, 2008); See also Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996) (citing 93 Cong. Rec. 2, 182 (1947)). Thus, under the FLSA's framework, Plaintiffs are not entitled to equitable tolling of the statute of limitations for potential opt-in plaintiffs.

---

[4] Defendants are not contesting the twenty (20) day period of equitable tolling that the Court granted during Defendants' extension of time to respond to Plaintiffs' Motion for Conditional Class Certification.

[5] In the Fourth Circuit, "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) ***to correct a clear error of law or prevent manifest injustice.***" Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993). (emphasis added).

Third, federal courts limit equitable tolling to rare circumstances in which it would be unconscionable to enforce the limitation period; the Fourth Circuit has held that equitable tolling should be granted only in situations where a defendant has abused the process or where extraordinary circumstances outside of the plaintiff's control justify equitable relief. See Cruz v. Maypa, 773 F.3d 138, 145 (4th Cir. 2014), MacGregor, 2011 WL 2731227, at *1 (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Because Plaintiffs have not demonstrated any wrongful conduct on Defendants' behalf or that there are extraordinary circumstances justifying relief, the statute of limitations should not be tolled in this case.

Fourth, pursuant to the United States Constitution, Plaintiffs have no standing to bring a motion for equitable tolling on behalf of parties they do not yet represent, nor does this Court have jurisdiction over these *potential* plaintiffs prior to their opt-in to this action. See U.S. CONST. Art. III, §2, cl. 1. Therefore, for these reasons, the statute of limitations should not be tolled for the May 28, 2015 through October 8, 2015 (133 day) period.[6]

## **LEGAL STANDARD**

In an FLSA collective action, the FLSA requires that the statute of limitations continue to run for potential opt-in plaintiffs until the potential claimant consents in writing to become a party plaintiff. MacGregor v. Farmers Ins. Exchange, No. 2:10-CV-03088, 2011 WL 2731227 *1 (D. S.C. July 13, 2011); See 29 U.S.C. §§ 216(b), 256. In structuring the FLSA, "Congress contemplated a gap between the time a collective action is initiated and the time the statute of limitations is tolled

---

[6] Defendants do not contest the Court's April 29, 2015 Order in which the Court tolled the statute of limitations during the twenty (20) day extension period given to Defendants to respond to Plaintiffs' Motion for Conditional Class Certification. Defendants' sole request is that tolling of the statute of limitations be limited to these twenty (20) days.

by the filing of an opt-in consent." MacGregor, 2011 WL 2731227, at *1 (quoting Noble v. Serco, No. 08-0076, 2009 WL 3254143, at *2 (E.D. Ky. Oct. 7, 2009)). In contemplating this gap in time, Congress expressed the concern that an opt-in plaintiff should *not* be able to escape the statute of limitations by claiming the limitations period was tolled by the filing of the original complaint. Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996) (citing 93 Cong. Rec. 2, 182 (1947) (emphasis added). Thus, "Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it *chose not to provide for tolling of the limitations period*." MacGregor, 2011 WL 2731227 at *2 (quoting Woodard v. FedEx Freight East, Inc., No-06-1968, 2009 WL 471552, at *16 (M.D. Pa. Feb. 19, 2008) (emphasis added).

The United States Supreme Court has held that equitable tolling is a rare remedy "to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." Wallace v. Kato, 549 U.S. 384, 396 (2007). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes." MacGregor, 2011 WL 2731227, at *1 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Therefore, federal courts limit equitable tolling to unique instances where, due to circumstances outside a party's own conduct, "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citations omitted)). Accordingly, the District Court for the District of South Carolina has held that equitable tolling is appropriate under only two circumstances: (1) where an adverse party's misconduct causes a missed deadline, and (2) where extraordinary circumstances

beyond the plaintiff's control make timely filing impossible. MacGregor, 2011 WL 2731227, at *1 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) and Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

## ARGUMENT

### I. THE THREE CASES CITED BY THE COURT DO NOT SUPPORT EQUITABLE TOLLING IN THIS CASE

In granting Plaintiffs' Motion to Equitably Toll Statute of Limitations, the Court cited to three cases: Cruz v. Maypa, 773 F.3d 138 (4th Cir. 2014) (granting equitable tolling because Defendants stole Plaintiff's passport and effectively imprisoned her to prevent her from filing suit), Lorenzo v. Prime Communications, L.P., No. 5:12-CV-69-H, 2014 WL 3366073 (E.D. N.C. July 9, 2014) (granting equitable tolling because Defendants refused to comply with discovery and caused Plaintiff to miss a deadline), and Chao v. Virginia Dept. Of Transp., 291 F.3d 276 (4th Cir. 2002) (denying equitable tolling because the plaintiff chose not to file suit and then sought to avoid the known consequences of that decision) (emphasis added), none of which are authoritative or persuasive in this case.

Similar to the cases Defendants rely upon in this memorandum, the court in Cruz held that equitable tolling is a rare remedy, only available when: (1) defendants prevented plaintiffs from asserting their claims by some kind of wrongful conduct, or (2) extraordinary circumstances beyond plaintiffs' control made it impossible to timely file claims. 773 F.3d at 146. In Cruz, the Fourth Circuit held that the plaintiff was entitled to equitable tolling because the defendants "**confiscated her passport, isolated her from other people, monitored her communications, and threatened that she would be imprisoned if she tried to escape**,"

preventing the plaintiff from "seeking legal redress until at least the date of her escape." Id. (emphasis added).  In Lorenzo, the District Court recognized the same strict standard for equitable tolling, and based its grant of equitable tolling upon defendants' refusal to comply with discovery, which resulted in plaintiff missing a deadline to file a renewed motion for conditional class certification, caused plaintiff to have to file a motion to compel, and forced the court to compel production.  2014 WL 3366073, at *2.  Third, in Chao, the Fourth Circuit denied plaintiff's equitable tolling request because the plaintiff was aware of a deadline to file suit and chose not to do so to her own detriment.  291 F.3d 276.

While the legal standard set forth in these three cases is identical to the legal standard outlined above, the two cases in which the courts granted equitable tolling found facts demonstrating wrongful conduct by the defendants.  In this case, there is none.  Defendants have not confiscated Plaintiffs' passports or caused Plaintiffs to miss any deadlines.  Rather, Defendants have merely requested one twenty (20) day extension of time in this case and do not object to this Court's tolling the statute of limitations for that twenty (20) day period.

## II.   PLAINTIFFS HAVE NOT MET THE BURDEN OF ESTABLISHING THE NECESSITY OF EQUITABLY TOLLING THE STATUTE OF LIMITATIONS

### A.   CONGRESS DID NOT INTEND FOR THE STATUTE OF LIMITATIONS TO BE TOLLED IN FLSA ACTIONS

Equitable tolling of the statute of limitations is not appropriate in this case because when Congress enacted the FLSA in 1938, it deliberately chose not to provide for tolling of the statute of limitations for potential opt-in plaintiffs in FLSA actions.  MacGregor, 2011 WL 2731227 at *2 (quoting Woodard v. FedEx Freight East, Inc., No-06-1968, 2009 WL 471552, at *16 (M.D. Pa. Feb. 19, 2008).

In federal courts, the basic inquiry when determining whether to apply the doctrine of equitable tolling is "whether congressional purpose is effectuated by tolling the statute of limitations." LaFleur v. Dollar Tree Stores, Inc., No. 2:12-CV-00363, 2012 WL 4739534 *2 (E.D. Va. Oct. 2, 2012). Congress's intent when enacting the FLSA is reflected by the fact that Congress acknowledged time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet *chose not to provide for tolling of the limitations period*. Id. at *6; See MacGregor, 2011 WL 2731227 at *2. (emphasis added). Further, Congress's intent is evident by the fact that during the seventy-seven years in which the FLSA has been in place, Congress has never amended the Act to include any form of tolling for potential opt-in plaintiffs. The Charleston division of the District Court for the District of South Carolina clearly summarizes this issue in MacGregor, stating:

> Congress could have avoided the foreseeable delay of *good faith motions and judicial decision-making* by patterning the statute of limitations for the FLSA after that of Rule 23 for class actions; however, they did not do so. The fact that a statute creates procedural requirements that limit some potential claimants' participation in a suit, standing alone, is insufficient to toll the statute of limitations.

MacGregor, 2011 WL 2731227 at *2. (emphasis added).

Thus, pursuant to the FLSA, the sole fact that motions have been pending before the Court is not sufficient to toll the statute of limitations in this matter. There has been no bad faith delay in this case. Plaintiffs filed their Motion for Conditional Certification less than a month after Defendants were first served in this matter. (ECF No. 19). The Motion was pending before the Court for just six months, during which time Defendants requested and received only one brief, twenty (20) day extension to respond. Moreover, on April 29, 2015, the Court tolled the statute of

limitations during this extension period, a ruling which Defendants do not contest. However, after the Court tolled the statute for the twenty (20) day extension period, in their July 7, 2015 Motion to Equitably Toll Statute of Limitations, Plaintiffs subsequently used this minor extension of time to argue that the statute of limitations should be tolled for *an indefinite period of time*.[7]

As the District Court held in MacGregor, good faith motions and judicial decision making was something Congress considered when structuring the FLSA and chose not to provide for by tolling the statute of limitations. 2011 WL 2731227 at *2. The Court's tolling of the statute for twenty (20) days, pursuant to the extension of time given to Defendants, is uncontested.[8] However, Plaintiffs have provided no justification for the Court to toll the statute for any longer period of time. To do so would be inappropriate and in direct contravention of congressional intent under the FLSA. For this reason, equitable tolling of no more than twenty (20) days should have been granted to Plaintiffs in this matter.

### B.  PLAINTIFFS HAVE NOT DEMONSTRATED ANY MISCONDUCT BY DEFENDANTS WHICH JUSTIFY TOLLING THE STATUTE OF LIMITATIONS

Because Congress chose not to provide for tolling of the statute of limitations in FLSA collective actions, plaintiffs are limited to a grant of equitable tolling only in rare instances where it would be unconscionable to enforce the limitation period. See Green v. Johnson, 515 F.3d 290,

---

[7] "Plaintiffs respectfully request that this Court grant its Motion for Equitable Tolling, retroactive to May 28, 2015, the date of the filing of Plaintiffs' Reply to the Motion for Conditional Certification, through the end of the notice period. Coupling this tolling, with the earlier tolling of twenty (20) days granted." (ECF No. 39).

[8] Although Defendants do not contest tolling the statute of limitations for the twenty (20) day extension period, Defendants maintain that the extension was requested in good faith, pursuant to the procedural timeline of this case.

304 (4th Cir. 2008). The Supreme Court has recognized that equitable tolling should only be "applied in unusual circumstances, not a cure-all for an entirely common state of affairs." <u>Wallace v. Kato</u>, 549 U.S. 384, 396 (2007). Specifically, in order for a court to grant equitable tolling, Fourth Circuit courts have held that a plaintiff must demonstrate either that: (1) defendants wrongful conduct has caused plaintiffs to miss a deadline or (2) that extraordinary circumstances beyond the plaintiffs' control made timely filing impossible. <u>MacGregor</u>, 2011 WL 2731227, at *1 (citing <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990) and <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)).

Plaintiffs have failed to meet the first prong of this test because they have not demonstrated an abuse of process or wrongful conduct by Defendants. Plaintiffs set forth only two grounds for the filing of their Motion to Equitably Toll the Statute of Limitations: (1) that Defendants' arguments in their Memorandum in Opposition to the Motion for Conditional Class Certification were made in bad faith, and (2) that Defendants requested one twenty (20) day extension of time to file their Memorandum in Opposition to conditional class certification. (ECF No. 39-1). First, Plaintiffs have provided no support for their contention that Defendants have argued in bad faith. The only mention of this contention within Plaintiffs' Motion to Equitably Toll the Statute of Limitations is a single footnote which references Plaintiffs' Reply Brief to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Conditional Class Certification. Further, Plaintiffs' Reply Brief simply states that it is Plaintiffs' "belief" that Defendants' arguments are attempts to delay a ruling on conditional class certification; nonetheless, no support is provided for that "belief," nor is there anything in the record or the Court's October 8, 2015 Order granting conditional class certification that indicates any bad faith delay on Defendants' part.

The second ground Plaintiffs assert in their Motion to Equitably Toll the Statute of Limitations is Defendants' request for a twenty (20) day extension. However, this argument was previously addressed by the Court's grant of both the extension and twenty days of equitable tolling to account for the extension period. (ECF No. 29). The Court's October 8, 2015 Order, which the Court instructed would provide a basis for the Court's July 7, 2015 *sua sponte* Order granting additional tolling of the statute of limitations, does not reference any bad faith or wrongful conduct on Defendants' behalf. Rather, the October 8, 2015 Order states that the Court's April 29, 2015 Order granting twenty (20) days of equitable tolling was based upon Defendants' request for an extension and provides little guidance for its grant of equitable tolling in excess of twenty (20) days.[9] (ECF No. 46).

In order to justify a grant of equitable tolling beyond the twenty (20) day period, Plaintiff has the burden of demonstrating either that Defendants' wrongful conduct caused them to miss a deadline or extraordinary circumstances outside of the plaintiffs' control made timely filing impossible. MacGregor, 2011 WL 2731227, at *1 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) and Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Again, Plaintiffs have not met this burden because there is nothing in the record to indicate Defendants' extension request was wrongful. As the District Court for the Eastern District of Virginia has held, "filing motions common to the litigation process in order to exercise particular rights and privileges under the Federal Rules of Civil Procedure and relevant federal statutes does not constitute per se

---

[9] The October 8, 2015 Order states, " The Court granted equitable tolling in this specific instance [during the extension period] because Defendants requested and received an extension of time a mere two days before their response to Plaintiffs' Motion for Conditional Certification was due...The Court declines to continue tolling the statute of limitations through the notice period because there are no additional exceptional circumstances that so require." (ECF No. 46).

misconduct by a defendant for the purposes of equitable tolling." LaFleur v. Dollar Tree Stores, Inc., No. 2:12-cv-00363, 2012 WL 4739534, *5 (E.D. Va. Oct. 2, 2012).

It is clear from the procedural history of this case that the brief amount of time in which Plaintiffs filed their Complaint, served Defendants, filed their Motion for Conditional Class Certification, and subsequently filed an Amended Complaint provided Defendants with little time to compile the information necessary to prepare a response to Plaintiffs' Motion for Conditional Class Certification. Hence, the Court's grant of an extension. As Plaintiffs were already granted equitable tolling for the twenty (20) day extension period, pursuant to federal law, any further relief is inappropriate without wrongful conduct or exceptional circumstances to justify such relief.

C. **PLAINTIFFS HAVE NOT DEMONSTRATED EXTRAORDINARY CIRCUMSTANCES WHICH JUSTIFY TOLLING THE STATUTE OF LIMITATIONS**

Because Plaintiffs have failed to demonstrate wrongful conduct by Defendants, Plaintiffs are left with only the final criteria to justify equitable tolling, which is to demonstrate that extraordinary circumstances beyond Plaintiffs' control have rendered Plaintiffs incapable of timely filing claims. See MacGregor, 2011 WL 2731227, at *1. Similarly, Plaintiffs have failed to demonstrate extraordinary circumstances in this case.

Plaintiffs cite to Ruffin v. Entertainment of the Eastern Panhandle, No. 3:11-CV-19, 2012 WL 28912 (N.D. W.V. Jan. 5, 2012) in their Motion to Equitably Toll the Statute of Limitations, arguing that courts routinely apply equitable tolling in FLSA collective actions. However, Plaintiffs mischaracterize equitable tolling as commonplace in FLSA collective actions. To the contrary, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent," Harris, 209 F.3d at 330, and "is a rare remedy." Cruz, 73 F.3d at 145.

Moreover, Ruffin is clearly distinguishable from this case. In Ruffin, tolling of the statute of limitations was granted to the plaintiff because after the motion for conditional certification was fully briefed in September 2011, the Court, itself, ordered the plaintiff to file a motion for partial summary judgment by January 16, 2012, with a response due from the defendant by February 28, 2012. 2012 WL 28912 (N.D. W.V. Jan. 5, 2012). The delay in ruling on the motion for conditional certification was thus due to the Court's decision to rule on a collateral issue first, which required the filing of a summary judgment motion. Under those specific circumstances, the Court found that it was proper to toll the statute due to the Court's own delay.

Plaintiffs also cite to Villareal v. Caremark, LLC, No. CV-14-00652-PHX-DJH, 2014 WL 4247730 (D. Az. Aug. 21, 2014), a case which is comparable to the matter at hand but, nonetheless, does not demonstrate a basis upon which Plaintiffs should be granted equitable tolling in addition to the twenty day period they received subsequent to Defendants' extension to respond to the conditional certification motion. In Villarreal, the plaintiff filed her motion for conditional certification, after which the defendant sought a sixty (60) day extension of time to conduct discovery or, in the alternative, a two-week extension to respond to the motion. Id. The Court denied the sixty (60) day extension, granted the two week extension of time to respond, and tolled the statute of limitations for the two week extension period. Id. Thus, as in this case, the Villareal court found that tolling was appropriate during the time of the extension. However, the case provides no further basis for holding that equitable tolling is justified for any longer than the extension period of twenty (20) days.[10]

---

[10] Plaintiffs cite to only one other case, Stransky v. HealthONE of Denver, Inc., 868 F.Supp.2d 1178 (D. Co. 2012), in their Memorandum in Support of their Motion to Equitably Toll the Statute of Limitations. In Stranksy, the Court granted equitable tolling but emphasized the statute of limitations should not be tolled

Pursuant to federal law, equitable tolling is not appropriate in this action. In <u>LaFleur v. Dollar Tree Stores, Inc.</u>, No. 2:12-cv-00363, 2012 WL 4739534, (E.D. Va. Oct. 2, 2012), the District Court for the Eastern District of Virginia provides guidance on this issue in a case with a similar procedural posture, wherein a motion to dismiss and motion for conditional class certification were pending before the court. In <u>LaFleur</u>, the plaintiff requested equitable tolling because of "the wasting of the statute of limitations of the FLSA and delays in the litigation posture of [the case]." <u>Id.</u> at *4. The Court denied the plaintiff's motion, holding that "[w]hile the Court always strives to address motions before it as expeditiously as possible, a less than three month delay on a series of complex motions does not constitute extraordinary circumstances warranting the circumvention of Congress's intent with respect to the FLSA." <u>Id.</u> at *7. The <u>LaFleur</u> court further noted:

> Courts facing similar factual circumstances have determined that equitable tolling for unspecified potential plaintiffs should not be permitted without extraordinary justification. See <u>Longcrier v. HL-A Co., Inc.</u>, 595 F.2d 1218, 1244 (S.D. Ala. 2008) ("To hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of the conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one"); See also <u>Syrja v. Westat, Inc.</u>, 756 F.Supp.2d 682, 689 n.9; (D. Md. 2010) )"[P]laintiffs request that the Court equitably toll the statute of limitations on the FLSA claims of as yet unidentified putative class members, so as to relieve them of the consequences of "delays" resulting from prior stages of this litigation, suggests yet another individualized layer of inquiry that would make certification of the class unwieldy. As a rule, unknown perspective plaintiffs in a proposed class action are not entitled to equitable tolling absent a showing of extraordinary or unusual circumstances") (internal citations omitted).

<u>Id.</u> at 7. Therefore, ordinary delays in the judicial system are considered routine and not

---

upon the date of the filing of the case, as "diligence is measured by whether Plaintiffs opted-in when given the opportunity, not by whether Plaintiffs chose to initially bring a lawsuit." <u>Id.</u> at 1182.

extraordinary. Vaughan v. Oak Street Mortgage, LLC, No. 505-CV-311-OC10GRJ, 2006 WL 890071, *2 (M.D. Fla. April 3, 2006). As a result, equitable tolling beyond the twenty (20) days for the extension period in this case should not be granted because Plaintiffs have not demonstrated extraordinary circumstances which justify such relief.

### III. PLAINTIFF CANNOT SEEK EQUITABLE TOLLING ON BEHALF OF ABSENT, PUTATIVE CLASS MEMBERS WHOM HE DOES NOT YET REPRESENT

Finally, pursuant to the United States Constitution's 'case or controversy' requirement, Plaintiff has no standing to bring a motion to toll the statute of limitations for *potential* plaintiffs that he does not yet represent. See U.S. CONST. Art. III, §2, cl. 1. Likewise, the court has no jurisdiction over these *potential* plaintiffs prior to their opt-in. Id. Named plaintiffs in an FLSA collective action only represent themselves and absent potential class members do not have any independent legal status. The Supreme Court has explained:

> Conditional certification does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees...who in turn become parties to a collective action only by filing written consent with the court.

Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1530 (2013). Thus, this Court has no jurisdiction over *potential* class members, rather it has jurisdiction only over those who have already joined in the action.

In United States v. Cook, 795 F.2d 987 (Fed. Cir. 1986), the Federal Circuit vacated a lower court order where the statute of limitations had been tolled for potential plaintiffs in an FLSA collective action. In doing so, the Federal Circuit held:

> The district court's tolling order did not apply to the seven plaintiffs before the court, each of whom had unquestionably filed on time...[rather it applied to potential plaintiffs.] Under general

> principles derived from the "case or controversy" requirement of Article III, Section 2, Clause 1 of the U.S. Constitution, a federal court is without power to give advisory opinions [such as these on equitable tolling], because such opinions cannot affect the rights of the litigants in the case before it. Nor do courts sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].

Id. 994. In another district court case, Beetler v. Trans-Foam, Inc., No. 5:11CV132, 2011 WL 6130805, *4 (N.D. Ohio Dec. 8, 2011), the court concluded that a plaintiff's request to toll the statute of limitations on behalf of absent parties in an FLSA collective action was premature. The Beetler court explained that because equitable tolling is applied on a case by case basis, "the burden will be on each opt-in plaintiff to demonstrate facts satisfying the [court's] requirements for the application of the doctrine of equitable tolling." Id.

Similarly, in Jesiek v. Fire Pros, Inc., No. 1:09-cv-123, 2011 WL 2457311, *1 (W.D. Mich. June 16, 2011), the court denied a motion for equitable tolling as premature for "all future opt-in plaintiffs." The Jesiek court found that "the entire question is hypothetical and is raised by plaintiffs who have no personal interest in the outcome" because the original plaintiffs do not represent the absent parties and have no right to represent potential opt-in parties under FLSA § 216(b) until those parties opt-in. Id. at *2. Here, plaintiffs have requested to toll the statute of limitations for *potential* opt-in plaintiffs that they do not yet represent and the Court has granted Plaintiffs' Motion. Because Plaintiffs' Motion to Equitably Toll the Statute of Limitations seeks an impermissible advisory opinion, Defendants respectfully submit that the Court did not have jurisdiction to grant equitable tolling in this matter.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court reconsider and <u>deny</u> its grant of equitable tolling for potential plaintiffs in this action from May 28, 2015 until October 8, 2015, a 133 day period of time, leaving in tact its previous Order tolling the statute of limitations for twenty (20) days, reflecting the extension period sought by Defendants to respond to Plaintiffs' Motion for Conditional Class Certification.

Respectfully submitted,

**BELLAMY, RUTENBERG, COPELAND, EPPS, GRAVELY & BOWERS, P.A.**

s/Benjamin A. Baroody
Benjamin A. Baroody
District Ct. I.D. No. 9442
Post Office Box 357
Myrtle Beach, SC 29578-0357
843-448-2400
Attorneys for the Defendants