# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Briana Lynch and Jacob Hyde, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) C.A. No.: 2:15-cv-580-PMD ) ) |
| v. | ) **ORDER** ) |
| Dining Concepts Group, LLC d/b/a Wicked Tuna; Sandeep Patel, individually; and Erez Sukarchi, individually, | ) ) ) ) ) |
| Defendants. | ) ) ) |

This matter is before the Court on Plaintiffs' Motion to Compel (ECF No. 79). For the reasons set forth herein, Plaintiffs' motion is denied.

## BACKGROUND

On February 9, 2015, Plaintiffs commenced this action on behalf of themselves and others similarly situated, seeking unpaid minimum wages and unpaid overtime wages pursuant to the collective action provision of the Fair Labor Standards Act, 29 U.S.C. § 216(b). The named Plaintiffs, as well as those who have subsequently given notice of their consent to join this action, are current or former employees of Defendant Dining Concepts Group, LLC, doing business as Wicked Tuna ("Wicked Tuna"). Plaintiffs seek recovery from Wicked Tuna, Sandeep Patel, and Erez Sukarchi (collectively "Defendants").

## PROCEDURAL HISTORY

The Court granted Plaintiffs' Motion for Conditional Certification and approved the issuance of a court-authorized notice on October 8, 2015. After the opt-in period ended,

Plaintiffs filed their motion to compel on January 12, 2016. Defendants responded on January 27, and Plaintiffs replied on February 8. Accordingly, this matter is now ripe for consideration.

## LEGAL STANDARD

The recently amended Federal Rules of Civil Procedure[1] provide a newly defined scope of discovery, stating:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues as stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* If a party fails to produce a requested document, the requesting party may move for an order compelling production. *Id.* R. 37(a)(3)(B). "The party opposing a motion to compel bears the burden of showing why it should not be granted." *Beazer Homes Corp. v. Hartford Fire Ins. Co.*, No. 4:10-cv-2419-RBH-TER, 2012 WL 6210323, at *4 (D.S.C. Dec. 13, 2012).

## DISCUSSION

Plaintiffs filed this Motion after the expiration of the notice period, asking the Court to order Defendants to produce the names of all the putative class members who did not opt-in to the present action. The premise of Plaintiffs' request is that Defendants will argue at trial "that [the opt-in plaintiffs] are bias[ed] and prejudice[d],"[2] and thus Plaintiffs need witnesses with no stake in the litigation to testify on their behalf. (Pls.' Reply, ECF No. 84, at 2.) The Court

---

1. The Supreme Court entered an order on April 29, 2015, stating that these amendments should be applied to cases filed before December 1, 2015, insofar as it was just and practicable. Here, the Court finds it just and practicable to apply the rules as amended.

2. The named plaintiffs maintain that because the opt-in plaintiffs stand to benefit financially, they cannot serve as unbiased witnesses. This argument, of course, implies that the current opt-in plaintiffs will not be perceived by the finder of fact as credible to testify as to Defendants' alleged violations.

denies Plaintiffs' motion for two reasons. First, Defendants assert that Plaintiffs do not need any further witnesses to prove their case. The Court agrees. In addition to the two named plaintiffs, sixty-one people have joined this action as opt-in plaintiffs. Using any additional employees as potential witnesses in this case would be needlessly cumulative. Additionally, Defendants could make a similar bias argument for any of the putative class members that chose not to opt-in. Those persons might well harbor a grudge against the Wicked Tuna, or be disappointed that they were unable to join the present action. Finally, Plaintiffs' blanket request for the names of all of the putative class members who chose not to opt-in is unnecessarily broad. Although the Court recognizes that Plaintiffs do not have any information on those potential class members, a more narrowly tailored request would warrant much more scrutiny. Here, however, the Court is convinced that the finder of fact will be able to determine whether a violation occurred based on the testimony of the current opt-in plaintiffs.

Second, Defendants are concerned that any disclosure of the names of putative class members who chose not to opt in would undermine the use of a third-party administrator. The Court ordered the parties to use a TPA to transmit the agreed-upon notice in order to protect the privacy of the potential class members. The Court agrees that the subsequent revelation of those persons' names to Plaintiffs' counsel would defeat the purpose of using the TPA. As discussed above, the Court does not believe that those persons' testimony would be helpful to proving Plaintiffs' claims, and, as a result, there is no reason to release their information. Defendants have shown that the names requested are of little or no importance to resolving the issues in this case, and thus the benefit of producing those names is disproportionate to the burden on those potential class members who did not opt-in.

If a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* The parties are hereby ordered to brief the issue of whether Plaintiffs' motion was substantially justified.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**April 13, 2016**
**Charleston, South Carolina**